THE COMMON COUNCIL OF THE CITY OF BEVERLY, PLAINTIFF IN ERROR, v. ROBERT W. WALN, DEFENDANT IN ERROR.

An act entitled "An act relating to the cost of improving sidewalks in the cities of this state" enacted that the costs of improving sidewalks in cities of the third class should be collected in a certain way. *Held,* that the title did not express the object of the law.

On error to the Supreme Court.

A writ of error bringing up the judgment of the Supreme Court rendered upon certain municipal proceedings of the city of Beverly, brought into that court by a writ of *certiorari.* For opinion of Supreme Court, see 26 *Vroom* 544.

For the plaintiff in error, *Gilbert & Atkinson.*

For the defendant in error, *Howard Flanders* and *Samuel W. Beldon.*

The opinion of the court was delivered by

REED, J.    In 1891 (*Pamph. L., p.* 480) a statute was passed which was entitled "An act relating to the cost of improving sidewalks in the cities of this state."

The statute enacts that the cost heretofore or hereafter incurred by any city of the third class of this state for improving sidewalks shall be a lien upon the abutting land in front of which such work is done, and the same may be collected in the same manner and by the same officers as taxes are or may be collected in such cities.

Under color of the provisions of this act, the city of Beverly took certain proceedings by which it proposed to sell the land of the prosecutor of the *certiorari* by which those proceedings were brought into the Supreme Court.

Upon its review of those proceedings, the Supreme Court adjudged them to be a nullity upon the ground that the statute purporting to confer upon the city authority to take such proceedings was unconstitutional.    We find no error in this judgment.

Without looking further, we think the title of the act does not comply with the constitutional requirement that it shall express the object of the law.    *Art.* 4, § 7.

The title states that the object is to legislate for the cities of the state as a class.    The act excludes from its operation all of these cities except those within the third class.

No one, on reading the title, could reasonably understand that the body of the act was to have so limited an effect. *Coutieri* v. *New Brunswick,* 15 *Vroom* 58.

*For affirmance* — THE CHANCELLOR, ABBETT, DIXON,. LIPPINCOTT, REED, BOGERT, BROWN, KRUEGER, SMITH—9.

*For reversal*—None.