DAVID T. SMITH ET AL. v. A. T. D. HOWELL, CLERK OF THE TOWNSHIP OF MIDDLE, &c.

1. A statute that is invalid because its enactment is not for the entire class mentioned in its title, may be cured by an amendment that extends the operation of the act to the whole of the titular class.

2. A district composed of all or part of a township with its inhabitants, set off for the purpose of lighting its public streets, is a political division in the exercise of a governmental function to which the power to raise money by a general tax may be granted by the legislature.

3. The phrase " at any time " means " from time to time," when required by the context.

4. The fact that the officers empowered to hold a special election were not sworn will not invalidate the result if neither fraud nor other harm be shown.

On *certiorari.*

Argued at February Term, 1897, before Justices GARRISON and GUMMERE.

For the prosecutors, *John B. Huffman.*

For the defendant, *James E. Hays.*

The opinion of the court was delivered by

GARRISON, J.   This writ removes to this court a resolution of a township committee defining the boundaries of "a street-lighting district," pursuant to "An act authorizing the division of townships into street-lighting districts and the erection and maintenance of street lights therein, and the election of street-light commissioners in said district," approved May 25th, 1894 (*Pamph. L., p.* 540), and a supplement thereto (*Pamph. L.* 1896, *p.* 132).   The return also brings up the result of an election held under the supposed authority of these statutes, and the certificate of the sum voted at said election to be raised by taxation, together with the notice thereof to the assessor to include the same in the duplicate to be delivered to the collector.   The general scheme of the legislation in question is that the legal voters of a district set off by the township committee may hold an election once in each year to elect three street-lighting commissioners and to determine how much money shall be expended by them in lighting the streets of the district.   The sum so determined is to be raised as other taxes are and to be paid over to the commissioners for the purpose indicated by the title of their office.

The reasons filed upon the return of this writ attack the constitutionality of this legislation, also the legality of the manner in which the township committee acted under it and the validity of the election held pursuant to its terms.

In the first place, it is said that the title of the act does not express the object of the law, in that the word "townships" is used in the title, whereas the body of the act deals with townships in second and third-class counties alone.   *Beverly* v. *Waln,* 28 *Vroom* 143, is cited as a perfectly apposite decision.   Under the authority of that case there can be no question that the variance alluded to was fatal to the statute.   In 1896, however, the legislature amended the act by a supplement, general in its character, that remedied the variance in question by making the amended enactment as broad as its title.   It is not perceived that there is any legal impediment

to this course. It does not even rest upon the doctrine so vigorously debated in this court in the case of *Bumsted* v. *Govern,* viz., that a statute otherwise special is not under the constitutional ban if its effect be to produce uniformity in existing legislation. 18 *Vroom* 368; affirmed, 19 *Id.* 612. Here the amending act is general both in form and substance, and comes, as it seems to me, clearly within the reasoning and decision of this court in the case of *State* v. *Yard,* 13 *Vroom* 357.

A more serious question is presented by the charge that the power of taxation granted by the act is unlawful, in that the districts created under this legislation are not political divisions of the state. If well founded this is fatal to the entire scheme. *Kean* v. *Driggs Drainage Co.,* 16 *Vroom* 91; *Reid* v. *Wiley,* 17 *Id.* 473. The subject is one that has been much discussed in this court as well as elsewhere. If the question has been passed upon by our court of last resort, I have not been able to find the decision. The state of authority in this court is concisely put in the syllabus of the opinion delivered by Mr. Justice Dixon in *Lydecker* v. *Englewood,* 12 *Vroom* 154 (presumably abstracted by the justice who formulated that decision), viz., " a political division to whose boundaries a general tax may be confined is a division of the state with its inhabitants, organized for the public advantage and not in the interest of particular individuals or classes, the chief design of which is the exercise of governmental functions, and to the electors residing within which is, to some extent, committed the power of local government."

Judged by this criterion and by the reasoning by which it is sustained, the districts contemplated by the legislation under review are political divisions of the state to which the power of taxation may lawfully be committed, even though but a single governmental function be parceled out.

In a later case—*Auryansen* v. *Hackensack Improvement Commission,* 16 *Vroom* 113—Mr. Justice Reed points out the features that militate against the political character of a non-governmental body, none of which, however, appear in the

case now before us. The power to raise by a general tax the sum determined by the legal voters of a district established under the acts before us may be safely rested upon these decided cases.

It is further queried whether the provision by which the township committee is authorized to set off a street-lighting district is not an unlawful delegation of a legislative function that must be performed directly by the legislature itself. This point is not raised by any reason filed in the cause, and is put in the brief of counsel for the prosecutor as a mere interrogation and without argument. Counsel for the defendant challenges the right of the prosecutor to raise this question upon the grounds above stated, and then, through abundant caution, proceeds to argue the merits of the controversy, directing attention to the immemorial usage in the matter of road and school districts and to the appointment of commissioners for many similar purposes. The constitutional prohibition illustrated and enforced in the case *In re Richfield Park,* 25 *Vroom* 288, is not presented on this record, for the township committee is not either the executive or judicial department within the meaning of the organic law. A controlling authority would seem to be *McLaughlin* v. *Newark,* 28 *Vroom* 298, affirmed by the Court of Errors in 29 *Id.* 202, unless it be successfully contended that the precise point was not raised by any of the reasons filed, in which event it is authority for the propriety of refusing to consider the question at all. This latter course seems to me to be the one most in consonance with the rights of the parties, even though the objector has fully argued the matter in his supplemental brief.

The point mainly argued on behalf of the prosecutor, and the one that has given me the most difficulty, arises from the contention that the power given to the township committee to divide the township into districts is a single power, to be executed all at one time and once for all. If this be the true interpretation of the statute, it is fatal to all of the proceedings now drawn under review, for at the time the committee

set off district No. 1 it did not make any division of the remaining territory of the township. The whole argument rests upon the assumption that the language "may at any time set off and divide the said townships into districts" expresses a legislative purpose that said division should affect every portion of the township at one and the same time. But the words "at any time" do not of necessity and in all contexts have this rigid meaning. They may be controlled by other words, or by the spirit and reason of the scheme in which they are employed. A tract of land to be "at any time set off and divided" into lots of a size suitable to the needs of settlers, would not mean that no lot could be set off until all the land was needed for occupation, or that land for which there was no applicant must be set off into lots as soon as the first actual settler had to be provided for.

In the present instance, the scheme for lighting streets indicates a purpose that is reasonably applicable only in localities that have assumed something of an urban character, and would be totally unfitted to one whose nearest approach to streets was a network of country roads traversing a sparsely-settled or even an uninhabited territory. No reason is perceived why the necessities of one locality should not be regarded because a like necessity does not exist elsewhere in the township, or why, in ministering to the wants of a village or thickly-settled area, the expense of holding a futile election should be imposed upon a more rural population. The act itself, moreover, speaks of the area to be set off in the singular number, and expressly provides that "said district, when so designated, shall be a body corporate, * * * and shall possess * * * all of the corporate power necessary for the carrying out the powers hereinafter conferred." The conclusion to which I have come is that the words "at any time" were used in the same sense that the phrase "from time to time" was used in the same section when speaking of the power to alter the boundaries of districts. Thus interpreted, the ultimate scope of the committee's authority is co-

extensive with its township, but the time for the actual setting off of an election and taxing district rests in sound discretion.

The last objection is that the officers who held the election were not sworn according to law. I shall not amplify upon this point beyond a reference to the cases cited in 6 *Am. & Eng. Encycl. L.*, p. 302, *et seq.*, and the expression of my adherence to the views of those tribunals that treat such provisions as directory merely where the issue raised is the disfranchisement of the voter and no fraud or other harm is shown or charged.

Finding no invalidity in any part of the proceeding returned to us, the writ of *certiorari* is dismissed, but without costs.