GEORGE C. JOHNSON, PLAINTIFF IN ERROR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF ASBURY PARK, DEFENDANTS IN ERROR.

1. The "Act to amend an act entitled 'An act respecting licenses in the boroughs of this state,' approved May 1st, 1894" (*Pamph. L.* 1895, p. 490), is not a mere amendment to the Borough act of April 5th, 1878, but applies to all boroughs, whether created under that act or otherwise.

2. Legislation empowering boroughs to license certain trades and occupa-
   tions and to raise revenue by such license fees, is not obnoxious to the
   constitutional prohibition against special legislation because it does
   not apply to other municipalities of higher or lower degree.

3. When the title of an act expressly or by necessary implication indi-
   cates that its object is to legislate respecting all of certain specified
   things, then, if the legislation in the body of the act is confined to
   only part of such things, the act is unconstitutional because of the
   falsity and deception of its title. But when the title is general and
   merely indicates its object to be to legislate in respect to certain speci-
   fied things, then the act will be a valid expression of legislative will,
   if it legislates in respect to a part of those things included within the
   title. *Waln* v. *Beverly*, 28 *Vroom* 143, distinguished.

On error to the Supreme Court. For opinion of the Su-
preme Court, see 29 *Vroom* 604.

For the plaintiff in error, *Alan H. Strong, Claude V.
Guerin* and *R. T. & W. B. Stout.*

For the defendants in error, *Hawkins & Durand.*

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE. By this writ of error we are
called upon to review a judgment of the Supreme Court,
affirming the validity of an ordinance of the borough of As-
bury Park, adopted under the provisions of the act entitled
"An act to amend an act entitled 'An act respecting licenses
in the boroughs of this state,' approved May 1st, 1894,"
which amendatory act was approved March 22d, 1895.
*Pamph. L.,* p. 490.

The provisions of the ordinance and of the act which was
claimed to confer power upon the borough to pass it, are fully
set out in the opinion delivered in the Supreme Court and
need not be here repeated.

The conclusion reached in that court is entirely approved
by this court, but it is deemed proper to indicate that such
approval does not apply to all the statements of the opinion.

The act in question doubtless impliedly amends section 12

of the Borough act of April 5th, 1878, but it cannot correctly be.characterized as only an amendment to that section. If so, it would plainly be open to the objection that it was not applicable to the borough of Asbury Park, which, it is said, was organized under the Borough act of 1891, but probably to an objection which might be fatal to its validity, for the purpose of the act is equally applicable to boroughs formed under the act of 1878, to boroughs formed under other acts and to boroughs formed under special acts prior to the adoption of the constitutional amendments of 1875. It would be difficult if not impossible to find any quality or characteristic of boroughs formed under the act of 1878 which, with reference to such legislation, would differentiate them from other of the boroughs of this state.

But the act in question is not thus limited. Its language is unrestricted and it evidently operates upon all the municipalities called boroughs in whatever mode their organization has been effected.

The act in question may also be supported against the charge that it lacks constitutional validity because special in its character, on other grounds than those stated in the court below.

Its purpose is to raise revenue for the municipality by licensing certain trades and occupations when carried on therein. Such a purpose is obviously appropriate to municipalities of a higher grade. It is obviously inappropriate to the lowest grade of municipalities, viz., townships. It is, therefore, not rendered special because it does not include townships.

Municipalities of high grade, such as boroughs, towns and cities, exhibit different characteristics, which may not distinguish them from each other with respect to the propriety of legislation for revenue from licensing trades and occupations, but which may properly distinguish them with respect to the amount of license fees which they may be empowered to exact and the amount of penalties they may inflict for failure to take out license.

The duty imposed by the constitutional requirement that the legislature shall pass general laws regulating the internal affairs of municipalities cannot be enforced by the courts. We can only interfere with legislation regulating such affairs when it is in manifest opposition to the prohibition against special legislation thereon.

When, therefore, the legislature enacted a law appropriately regulating the matter of license in municipalities of the grade of boroughs and limited to that grade, we should assume that, with respect to municipalities of higher grade, it was of opinion that some other regulation was required, not in respect to the power conferred, but to the mode and details of the execution of the power, for in that regard there is a manifest distinction in the grades of municipalities which would justify a difference in legislation. Whether such legislation has been enacted in respect to the higher grades of municipalities we need not inquire. We could not compel its enactment and perceive no reason why the constitutional requirement may not be satisfied either by the passage of one general law covering all classes of municipalities or of several co-related laws adapted and appropriate to different classes, if such classes are properly distinguished from each other.

In the Supreme Court the act in question was also attacked upon the ground that its title did not sufficiently express its object to satisfy the constitutional mandate on that subject. The objection is pressed here upon grounds which do not seem to have been presented below.

The contention is based upon the well-settled doctrine that a grant of authority to a municipality to license merely confers only a power of police regulation but no power to impose a license fee for revenue. *North Hudson County Railway* v. *Hoboken*, 12 *Vroom* 71; *Muhlenbrinck* v. *Commissioners*, 13 *Id.* 364; *Clark* v. *New Brunswick*, 14 *Id.* 175; *Flanagan* v. *Plainfield*, 15 *Id.* 118; *Morgan* v. *Orange*, 21 *Id.* 389; *Mulcahy* v. *Newark*, 28 *Id.* 513.

But as was well said by Mr. Justice Dixon, in *Mulcahy* v. *Newark, ubi supra:* "Authority to exact license fees may be

classified either under the police power or under the taxing power. In the absence of any indication to the contrary, it is deemed a branch of the police power, and as such it warrants the exaction of no fees beyond the reasonable expense of issuing the license and regulating the thing licensed."

Whether, however, the power granted to a municipality is to be classified under the police powers or under the taxing powers, it is, in either case, to be exercised by means of the issuing of a license.

Now the title of the act in question does not indicate a mere intent to grant power to license. It is declared to be an act respecting licenses, and as there are licenses of two sorts, viz., those designed merely as means of regulation and those designed to raise revenue, it may well be deemed to express an intent to legislate in respect to either class of licenses or both of them. A restricted construction should not be applied if it would render a legislative act obnoxious to constitutional prohibition, if a broader but yet reasonable construction would avoid such an objection.

But it is suggested that upon a construction of this title which makes it applicable to one or both of the two classes of licenses, the act which in its body applies only to one of those classes cannot be supported under the case of *Beverly* v. *Waln*, 28 *Vroom* 143. A contention of that sort can only be based upon a misconception of what was decided in that case. The title of the act then under consideration ran thus: "An act relating to the cost of improving sidewalks in the cities of the state." The enactments of the body of the act operated only upon cities of the third class. There were many constitutional questions raised in the case, only one of which was dealt with in the opinion of Mr. Justice Reed. An examination of that opinion will show that the act under review was declared to be invalid because the title was construed to declare that its object was to legislate in respect to all the cities of the state. In that view the title was false and deceptive, and upon well-settled doctrine thus failed to accord with the constitutional requirement on the subject. Such

must be considered to be the whole scope and force of that decision. It was not held nor was it intended to hold that an act legislating respecting some objects fairly included within the title, will be invalidated because it does not include all such objects except where the title, expressly or by necessary implication, evinces an intent to legislate as to all of them.

This construction of the decision in Beverly *v.* Waln puts it in harmony with all our adjudged cases on the subject of the constitutional mandate in respect to the title of legislative acts, except perhaps one such case.

In *Walter* v. *Town of Union*, 4 *Vroom* 350, Mr. Justice Van Syckel, speaking for the Supreme Court, declared the true rule to be that " the degree of particularity which must be used in the title of an act rests in legislative discretion and is not defined by the constitution," and that while " there are many cases where the object of the act might with great propriety be more specifically stated, yet the generality of the title will not be fatal to the act if, by fair intendment, it can be connected with it."

That decision has been repeatedly approved in the Supreme Court and in this court. *Doyle* v. *Newark,.* 5 *Vroom* 236 ; *Van Riper* v. *North Plainfield*, 14 *Id.* 349. In *Richards* v. *Hammer*, 13 *Id.* 435, the doctrine was applied and Chief Justice Beasley took occasion to distinguish the decision in the case of *Rader* v. *Union*, 10 *Id.* 509, which had been claimed to be adverse thereto. *Richards* v. *Hammer* was affirmed (15 *Id.* 667), but without consideration of the point now under discussion. But in *Bumstead* v. *Govern*, 18 *Id.* 368, a similar point was involved and a general title held to be sufficient, although it did not indicate the means or method of attaining the object expressed, and that decision was affirmed upon the opinion of the Supreme Court. *Govern* v. *Bumstead*, 19 *Id.* 612.

If the decision of the question in *Coutieri* v. *New Brunswick*, 15 *Vroom* 58, is supportable, it must be on the ground that the title of the act under review in that case was false and deceptive because importing a regulation of a class of

cities, while, in fact, it applied only to a single city of such class.

The title of the act now under review expressed its object to be to legislate respecting licenses in certain municipalities. Nothing in it indicates an intent to legislate as to both kinds of licenses, viz., licenses under the police power and licenses under the taxing power. Legislation upon the latter class of licenses was included in the expressed object, and the title was neither false nor deceptive.

The judgment of the Supreme Court must be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, LUDLOW, VAN SYCKEL, ADAMS, BOGERT, HENDRICKSON, NIXON. 10.

*For reversal* — None.