CLARENCE KENNEDY v. BOROUGH OF BELMAR ET AL.

1. The act entitled "An act relating to boroughs and borough commissions," approved April 21st, 1896 (*Pamph. L., p.* 339), is a valid exercise of legislative power and not within constitutional prohibitions.

2. Municipalities which by that act were created boroughs and brought within the provisions of the "Act for the formation of borough governments," approved April 5th, 1878, are properly characterized as boroughs organized under that act.

3. Such a borough may take advantage of the supplement to the last-mentioned act, approved March 14th, 1893 (*Gen. Stat., p.* 271), and hold an election to determine whether to adopt the provisions of that act or not.

4. *Beverly* v. *Waln*, 28 *Vroom* 140, distinguished.

On *certiorari* to remove a resolution of the borough council of Belmar.

Argued at November Term, 1896, before Justices DEPUE, GUMMERE and MAGIE.

For the prosecutor, *Edward Ambler Armstrong.*

For the defendants, *Halsted H. Wainright.*

The opinion of the court was delivered by

MAGIE, J.   Prosecutor seeks to set aside a resolution of the borough council of the borough of Belmar submitting to an election of its voters the acceptance or rejection of an act entitled "A further supplement to an act entitled 'An act for the formation of borough governments,' approved April 5th,

1878," which supplement was approved March 14th, 1893. *Gen. Stat., p.* 204, § 152.

By the terms of that supplement boroughs organized under the Borough act of 1878 are given authority to construct sewers, but it is expressly provided that the supplement shall not go into effect or be binding on any such borough unless it shall have been submitted to the votes of the voters of the borough, and accepted by the votes of a majority, at a special election held for that purpose in the manner provided in section 16.

Prosecutor first contends that this legislation is within the prohibitions of the constitution because the legislative power is thereby delegated to the voters of a municipality and because it provides a rule only for such boroughs as accept its terms, and so lacks the required generality of application. But these objections cannot avail prosecutor, for the questions they raise have been disposed of in this state so that they cannot be reopened. *Warner* v. *Hoagland,* 22 *Vroom* 62; *In re Cleveland, Id.* 319; *S. C.,* 23 *Id.* 188; *Noonan* v. *Hudson, Id.* 398.

The next contention is that the provisions of the supplement in question do not apply to the borough of Belmar because it was not " organized " under the Borough act of 1878.

It appears in the state of the case that Belmar was originally incorporated under the provisions of the act entitled "An act for the formation and government of boroughs," approved March 12th, 1890. *Gen. Stat., p.* 225. That act has been declared to be in opposition to constitutional requirements and void. *Attorney-General* v. *Anglesea,* 29 *Vroom* 372.

Defendants' claim that it is properly characterized as a borough " organized " under the Borough act of 1878 is put solely upon the provisions of "An act relating to boroughs and borough commissions," approved April 21st, 1896. *Pamph. L., p.* 339. By that act the legislature repealed the act of March 12th, 1890, above cited; the "Act for the formation and government of boroughs," approved April 2d, 1891

(*Gen. Stat., p.* 236); the "Act for the formation of borough governments in seaside resorts," approved March 29th, 1878 (*Gen. Stat., p.* 254), and the "Act for the formation of borough commissions," approved March 7th, 1882 (*Gen. Stat., p.* 286), and all supplements or amendments to said acts, and further enacted that every borough or borough commission established and formed under them and now a *de facto* corporation, exercising corporate powers, should thereby be created a borough by its present corporate name, and be a body corporate in fact and in law, and be governed by the Borough act of 1878 and the supplements and amendments thereto and other general laws relating to boroughs, and that each such borough should have the powers conferred and be subject to the duties imposed by said acts last mentioned.

Passing for the present the question of the right of the legislature to adopt such legislation, and assuming that the borough of Belmar became endowed thereby with the corporate powers which were conferred by the Borough act of 1878, upon the boroughs incorporated under its provisions, let us inquire whether this borough may be properly said to have been "organized" under that act.

Corporate life exists for the performance of certain functions prescribed by legislation, by the means and in the mode likewise thus prescribed. Like living organisms, the functions of a corporate body may be few or many, simple or complex, and be performed by means or in modes correspondingly varied. But the rule which fixes such functions and the means and modes of their performance is the rule of the organization. So legislation which prescribes the functions of municipal corporations and the means and modes of their performance may be said to be the law which organizes such corporations. Therefore, in my judgment, if the borough of Belmar, by the act of April 21st, 1896 (*ubi supra*), has been endowed with the powers conferred upon boroughs by the Borough act of 1878, and that act prescribes the means and modes of its exercising its municipal functions, it may well be

characterized as a borough organized under this act, and the supplement of March 14th, 1893 (*ubi supra*), does apply to it.

But prosecutor attacks the validity of the act of April 21st, 1896, and contends that it is without legislative force because, he claims, it is in opposition to provisions contained in paragraph 2 of section 7 of article 4 of the constitution.

It is first contended that it is violative of the last clause of that paragraph which forbids legislation providing that any existing law shall be made or deemed a part of the act or shall enact that any existing law shall be applicable except by inserting it in such act. If this contention is correct, it is obvious that the plain purpose of this act could not have been effected except by setting out in it the whole Borough act of 1878, with all its amendments and supplements and all the general borough laws on our statute-books.

I will not attempt to review our decisions upon this clause of the constitution, which are, perhaps, not easy to reconcile. I will content myself with saying that I feel bound to pronounce this objection ineffectual, upon authority to which we must bow. The legislation which was under consideration in this court and the Court of Errors and reported under the title *In re Cleveland* (*ubi supra*), created, in such municipalities as should adopt it, a board of street and water commissioners, and provided that they should be endowed with the power of certain removed officers of those municipalities without setting out those powers or the acts by which they were conferred. In both courts the legislation was held valid. Legislation which expressly declared that all laws relating to the board of chosen freeholders, in counties subject to the act, should apply to the board of chosen freeholders thereby directed to be elected was sustained by the Court of Errors. *Mortland* v. *Christian*, 23 *Vroom* 521. The subject was declared by the Chief Justice to be *res adjudicata*. *In re Haynes*, 25 *Id.* 6.

It is further contended that this act is violative of the provisions of the clause of the paragraph which requires every law to embrace but one object. But a consideration of the contents of this act and the circumstances under which it was passed will dispel this objection.

At that time the Borough act of 1890 had been pronounced unconstitutional. The ground upon which the decision of the Court of Errors upon that act was put, seemed applicable to the other acts which were repealed by the law now under consideration. Many of these municipalities had become incorporated under these acts. By virtue of the apparent authority thus obtained, taxes had been exacted, property had been acquired, contracts had been entered into and obligations incurred. If the authority to do these acts should be declared to have been wanting, it is obvious that great injury would result to the inhabitants of those districts and their creditors. The circumstances called for relief from the legislature.

The plain purpose of the act was to afford such relief as the legislature deemed appropriate. The legislative scheme for relief was this: To repeal the denounced and doubtful laws, to create the inhabitants of each district which had obtained apparent corporate existence boroughs under general laws, in which they were to find their rule of corporate action, to vest in them the property acquired and make them liable to the contracts and obligations incurred under their apparent corporate existence. There are other provisions looking to the same general object and aiding the transition from the old to the new state. It is well settled that where the general object of the law is single, it will not be brought within this clause of the constitution by the inclusion of provisions not inconsistent with that object, but designed to effectuate the legislative design. *Easton and Amboy Railroad Co.* v. *Central Railroad Co.*, 23 *Vroom* 267 ; *Jersey City* v. *American Dock, &c., Co.*, 25 *Id.* 215.

Therefore, if this mode of relief was within legislative power, I think the object of the act designed to give such relief is single.

Prosecutor lastly contends that, if the law embraces but a single object, that object is not properly expressed in the title.

The title of the act is "An act relating to boroughs and borough commissions."

The criticism upon the title is that it expresses an object

having relation to all boroughs as well as borough commis-
sions, while the real object of the act has relation only to
boroughs formed under certain acts.   It is argued that the
boroughs formed under the act of 1878, and boroughs created
by special acts anterior to the adoption of the amendments to
the constitution, are not affected by this legislation, and that,
therefore, its title, which is broad enough to include them,
must be held not expressive of its limited object.   For this
counsel rely upon *Beverly* v. *Waln,* 28 *Vroom* 143.

The purport of the opinion in that case is often misunder-
stood.   The title of the act considered was "An act relating
to the cost of improving sidewalks in the cities of this state."
Mr. Justice Reed construed that title to express a purpose to
legislate for all the cities of the state with respect to the cost
of improving sidewalks, and concluded that the object of the
act, which in its body was limited to cities of the third class,
was not expressed in the title.

So the title of the act which was before this court in *Cou-
tieri* v. *New Brunswick,* 15 *Vroom* 58, was construed to express
a purpose to legislate for all cities in this state, and legislation
affecting a single city was held not to be effective under such
a title.

But the title of the act before us is not definite, and there
is nothing in it expressing a purpose to legislate for all
boroughs or all borough commissions.   There is nothing
either false or deceptive about its language and legislation
relating to any proper class of such municipalities is in my
judgment sustainable, because that object is expressed in the
title.

Besides the object pointed out by this title is one inclusive
of both boroughs and borough commissions.   The purpose is
to relieve a class of municipalities affected by similar peculiar
circumstances, some of which were called boroughs and others
borough commissions.   Such an act could not operate upon
other boroughs not so affected.   Where, therefore, this title
couples together these two differently-named municipalities, in
my judgment it expresses that the object of the act relates

to both and sufficiently expresses the real object of the legislation to be to relieve these endangered municipalities and to bring them in under a general law.

Counsel has not contended that this legislation was not general, within the meaning of the constitutional provision on that subject. But from what has been said, it will be understood that, in my view, these municipalities, for which it was designed, were so distinguished from others by the circumstances of their situation as to render legislation for their relief appropriate to them and to no others, and that, consequently, they formed a class for which legislation affording such relief was general and not special.

The result is that the *certiorari* in this case will be dismissed.