PATRICK BYRNES, PROSECUTOR, v. THE MAYOR
AND COUNCIL OF THE BOROUGH OF RIVER-
TON ET AL.

Argued June 6, 1899—Decided November 13, 1899.

1. By the act of April 21st, 1896 (*Pamph. L., p.* 339), *de facto* boroughs
organized under certain unconstitutional acts of the legislature thereby
repealed were created boroughs by their respective names to be gov-
erned by the General Borough act of 1878 (*Gen. Stat., p.* 179) and the
other general laws relating to boroughs, and all ordinances theretofore
passed in substantial compliance with any statute of this state were
thereby validated.  *Held,* that such an ordinance to be valid must
conform to some constitutional statute.
2. An ordinance establishing a street building line encroaching on private
lands cannot be sustained if passed without notice, actual or construct-
ive, to the owners of the land fronting on such street.  *Quære.* Can
the legislature authorize such an ordinance without providing for
compensation to the landowners?

On *certiorari.*

Before Justices DIXON and COLLINS.

For the prosecutor, *Charles E. Hendrickson.*

For the defendants, *George A. Vroom* and *Samuel W. Beldon.*

The opinion of the court was delivered by

COLLINS, J.   This *certiorari* removes to this court an or-
dinance of the mayor and council of the borough of Riverton
establishing a building line on Fourth street, from Main
street to Fulton street, and on Fulton street, from Second
street to Broad street, in the borough.   This challenged ordi-
nance was introduced in and passed by the borough council
on January 23d, 1894, and was approved by the mayor Janu-
ary 26th, 1894.   Fulton street is sixty feet wide, and Fourth
street is fifty feet wide.   The building lines were fixed by
the ordinance at eighty feet from the centre line of Fourth

street, and fifty feet from the centre line of Fulton street. The prosecutor owns land on Fourth street, acquired October 5th, 1888, and has, therefore, a private interest to protect against infringement that no delay that would not bar ejectment will impair. *State, Baxter, pros.,* v. *Mayor, &c., of Jersey City,* 7 *Vroom* 188 ; *State, Speer, pros.,* v. *City of Passaic,* 9 *Id.* 168. Riverton was organized as a borough, in 1893, under "An act for the formation and government of boroughs," approved April 2d, 1891. *Gen. Stat., p.* 236. An act identical in attempted classification was declared unconstitutional by the Court of Errors and Appeals, at November Term, 1895, in *Attorney-General* v. *Anglesea,* 29 *Vroom* 372, for reasons that would necessarily lead to like declaration as to the act of 1891. Recognizing the inevitable, the legislature, by "An act relating to boroughs and borough commissions," approved April 21st, 1896 (*Pamph. L., p.* 339), repealed the act of 1891 and others in the same plight, and enacted as follows :

" 2. Every borough or borough commission heretofore established and formed under the provisions of any of said acts, and which is now a *de facto* corporation exercising corporate powers, is hereby created a borough by its present corporate name, and as such borough shall be a body corporate in fact and in law, and governed by the act enitled 'An act for the formation of borough governments,' approved April fifth, one thousand eight hundred and seventy-eight, and the acts supplementary thereto and amendatory thereof (hereinafter referred to as the ' borough act of one thousand eight hundred and seventy-eight '), and by the other general laws of this state relating to and regulating the government of boroughs, and shall have all the powers therein conferred and be subject to all the duties thereby imposed ; it shall retain, hold, possess and enjoy and be absolutely invested with all the rights and property heretofore possessed and enjoyed by the said borough or borough commission, and shall be responsible and liable for the contracts, debts, bonds and obligations of such borough or borough commission which have been

made or incurred under the provisions of any act or acts of the legislature, whether or not such act or acts lawfully confer the power to make or incur the same; all ordinances, acts and proceedings heretofore passed, had, done and taken, and all taxes and assessments, heretofore levied and imposed by any such borough or borough commission in substantial compliance with any statute of this state are hereby validated and confirmed."

This act has been held constitutional. *Kennedy* v. *Belmar*, 32 *Vroom* 20.

Passing the important questions whether it is competent for the legislature to restrict a lot owner from building to the line of a street without providing for his compensation, and whether any Borough act, even that of 1891, authorized at all, or without notice to landowners, an ordinance to establish a building line encroaching upon private property, we can find no support for the ordinance that was passed.

The act of 1896 validates ordinances passed in compliance with any statute, but that, of course, means a constitutional statute applicable to boroughs. Neither in the Borough act of 1878 nor in any other such statute is there authority to pass an ordinance on the day of its introduction. The void act of 1891 permitted such action by a three-fourths vote of the council, but the act of 1878 (*Gen. Stat., p.* 182, § 14) requires in every case that the ordinance shall be submitted in writing at a regular meeting, and be acted upon at a subsequent meeting, and we find no general act providing for any other procedure in boroughs.

For this lack of conformity to the statutory requirement the ordinance is voidable. There is another objection fatal to its validity. No notice, actual or constructive, of the intention to pass such an ordinance was given to the landowners affected thereby. Where private rights are involved, in the way they would be by such an ordinance, notice is necessary. *Kennelly* v. *Jersey City*, 28 *Vroom* 293; *Landis* v. *Vineland*, 31 *Id.* 271.

The ordinance is set aside, with costs.