WILLIAM O. ALLISON, PROSECUTOR, v. CHARLES CORKER, ASSESSOR, AND J. FLETCHER BURDETT, COLLECTOR.

Argued November 12, 1900—Decided February 25, 1901.

Taxes for lamps and roads levied under "An act authorizing the division of townships into street lighting districts and the erection and maintenance of street lights therein and the election of street light commissioners in said district" (*Gen. Stat.*, p. 3669), and a supplement thereto (*Pamph. L.* 1896, p. 132), and under "An act concerning public roads and parks and creating boards for the control and management of the same" (*Gen. Stat.*, p. 2951), held valid under the authority of *Smith* v. *Howell*, 31 *Vroom* 384.

On *certiorari*.

Before Justices GARRISON and GARRETSON.

For the prosecutor, *George R. Dutton.*

For the defendants, *Peter W. Stagg.*

Memorandum.

This writ removes assessments for taxes for the years 1897 and 1898 and a sale for taxes for 1897 upon lands of the prosecutor in the township of Ridgefield, Bergen county.

The taxes were levied for various purposes, and it is claimed that so much thereof as was levied for roads, lamps and park was without authority of law.

It is admitted that the tax for park in 1897 is unlawful, and should be set aside. There was no park tax in 1898.

The tax for lamps in both years was levied under authority of an act authorizing street lighting districts (*Gen. Stat., p.* 3669, § 449, *et seq.*) and a supplement thereto. *Pamph. L.* 1896, *p.* 132. Both these acts were upheld in this court in *Smith* v. *Howell,* 31 *Vroom* 384.

The tax for roads was levied under the authority of "An act concerning public roads and parks and creating boards for the control and management of the same." *Gen. Stat., p.* 2951, § 619, *et seq.*

The scheme of this act is almost identical with that of the Lamp act. The objections urged against this act, on constitutional grounds, are the same as those considered and overruled in the case of *Smith* v. *Howell, supra,* and for the same reasons that the Lamp act in that case was held to be constitutional the Road act is constitutional.

The tax for park in 1897 is set aside.

The taxes for lamps and roads in both years, 1897 and 1898, are sustained.

The prosecutor is entitled to costs.