No. 6777.

## MRS. CECILE TUYES v. AMALGAMATED ASSOCIATION OF STREET AND RAILWAY EMPLOYEES OF AMERICA, ET AL.

### Syllabus.

1. The exception of want of citation is waived by appearing and pleading for purposes other than to urge this defect.

2. A forfeiture will not be exacted in favor of one whose own laches, partly at least, caused it to be incurred.

Appeal from the Civil District Court, Parish of Orleans, No. 112,698, Division "B";· Hon. Fred. D. King, Judge. Affirmed.

Woodville & Woodville, for plaintiff and appellee.

Williams V. Seeber, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court ·as follows:

·Plaintiff, as designated beneficiary of her deceased son, Emile Tuyes, sues to recover the death benefits, etc., specified in the charters or constitutions of the defendant associations, fraternal societies in which her said son had held membership for more than ten years preceding his death in July, 1914. There was judgment for the amounts demanded and defendants have appealed.

Appellants complain that their exception of want of valid citation should have been sustained. But we find that the Court's ruling was proper, for defendants by appearing and pleading for purposes other than to urge the lack of citation, thereby waived the benefit of said exception.

*Heard v. Patton*, 27 A. 542.

*Tutorship of Byland*, 38 A. 756.

Plaintiff specifically alleges that she has complied with all the conditions and regulation required to mature her claim and to authorize its recovery. Consequently there is no merit in the plea of prematurity which defendants attempt to urge under their exception of no cause of action.

On the merits the claim is resisted upon the ground that under the charter and rules of the societies the right to the benefit was forfeited, because the decedent, Emile Tuyes, failed to pay his dues for the months of April, May and June, 1914.

While it is true that the charter and rules of the societies provide for the forfeiture of benefits by the non-payment of dues and while it is also made "the duty of each member to see that his dues * * * * are promptly paid, * * * * and especially his own duty to look after and pay the same," still, on the other hand, the societies themselves are required by their charters to appoint collectors to collect the dues from the members, and moreover the Secretary is authorized to receive these dues and he is specially required to keep his office open for business daily during certain stated hours.

Now it is true that decedent's dues for the months of April, May and June, 1914, were not paid, but the causes for his failure to do so, to be considered in connection with the foregoing charter provisions, are these:

Though he was ill and confined to his bed continuously for a year immediately preceding his death in July, 1914, yet the collector of the association regularly collected his dues up to and including those due in March, 1914. When the collector failed to call for the April dues, the deceased, through his mother, made several vain efforts to reach him by telephone and by letter. Then the services of decedent's brother-in-law were enlisted and the latter called at the office of the Secretary of the Association during his desig-

nated office hours several times in the months of April, May and June in an effort to pay the dues, but on each occasion found no one in the office. Meanwhile decedent's father likewise had called at said office several times for a like purpose, but he found no one there to receive the dues until about the 10th of June, when he offered the proper amount to the Secretary, who refused to receive same on the ground that decedent had forfeited his membership by the failure to pay his dues within the time prescribed.

These facts make it clear that decedent made every reasonable attempt to comply with his obligation "to look after and pay" his dues and that if his efforts were vain, the failure is attributable not to him, but to the officers of the society in neither collecting the dues nor in affording decedent the means or opportunity provided by the charter of paying them himself. Forfeitures are not favored and to exact one in this case would be to permit defendants to profit by a circumstance caused at least in part by their own laches.

We find no error in the judgment and it is accordingly affirmed.

Judgment affirmed.

Opinion and decree, November 6th, 1916.

Rehearing refused December 4th, 1916.

Writ denied January 17th, 1917.