MARTHA J. McCAW, PROSECUTRIX, v. ANDREW J. GANSER, E. STANLEY PLOYER, HENRY MEHRER, INDIVIDU-ALLY AND CONSTITUTING THE PENSION COMMIS-SION OF THE BOROUGH OF AUDUBON, COUNTY OF CAMDEN, STATE OF NEW JERSEY, RESPONDENTS.

Submitted May 2, 1939—Decided August 8, 1939.

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutrix, *Albert S. Woodruff*.

For the respondents, *John Claud Simon*.

BODINE, J.   William McCaw was a policeman in the borough of Audubon from May 1st, 1927, until December 31st, 1937, when he retired on pension because of permanent disability. The Pension act of 1920, chapter 160, *Pamph. L., p.* 324 (*R. S.* 1937, 43:16-1), adopted by referendum vote held in the borough in 1932, provided for a payment of two per cent. of a policeman's salary into a pension fund, and for retirement and pension after twenty years of service and arrival at the age of sixty-five years, or upon permanent disability resulting from injuries sustained in the line of duty.   McCaw paid two per cent. of his salary into the pension fund as required by law.

By chapter 171, *Pamph. L.* 1935, *p.* 405, the Pension act of 1920 was amended.   The amendment increased benefits and doubled payments to the fund.   Under section 2 of this amendment, "any member of such police or fire department who shall have received permanent disability, shall be retired on a pension equal to one-half of his salary at the time of his retirement."   It was no longer necessary to retirement that the permanent disability be received in the performance of the line of duty.

The Revised Statutes of 1937 combined the amendment of 1935 with the provisions of the general Pension act of 1920 and simplified the phraseology.   Section 43:16-2 provides that, "Any member of such police or fire department who shall have received permanent disability shall be retired upon a pension equal to one-half of his salary at the time of his retirement."   Section 43:16-5 provides that "there shall be deducted from every payment of salary to each member of the police and fire departments in such municipality four per cent. of the amount thereof if he entered the service on or before attaining the age of thirty-five years and if he enters the service after the age of thirty-five years, the percentage shall be increased to such an amount as shall be determined by the pension commission to correspond to the risk arising by his additional age."   Section 43:16-7 further provides that, "The pension commission shall have control and management of the fund and of the retirement of members of the

departments, and may make all necessary rules and regulations with regard thereto, the same not inconsistent with this subtitle."

The percentages fixed by law were deducted from William McCaw's salary and the Revised Statutes were adopted prior to his retirement. When he retired, payments of pension were made to him in accordance with the law. Officer McCaw died April 6th, 1938, "from causes other than injuries received in the performance of duty." He was survived by Martha J. McCaw, the prosecutrix, his widow. They had been married on September 12th, 1908, and "before the date of his retirement and before he reached fifty years of age." At that time, the Revised Statutes of 1937, section 43:16-3, provided that "the widow of every retired member of the police or fire department, * * * who shall die from causes other than injuries, received in the performance of duty, shall * * * receive a pension, for so long as she remains unmarried, equal to one-half of the pay of her deceased husband at the time of his retirement, but not exceeding one thousand dollars," &c. All annual assessments and contributions exacted by law had been deducted from the salary paid to the deceased.

From the death of William McCaw, the pension commission paid to Martha J. McCaw, the prosecutrix, a pension equal to one-half of the pay of her deceased husband at the time of his retirement, up to and including September 30th, 1938.

On August 22d, 1938, the pension commission adopted a resolution providing that, "Beginning October 1st, 1938, the amount of pension to be paid to Mrs. Martha J. McCaw, widow of the late Officer William McCaw, shall be at the rate of five-twentieths of one-half salary at the time of his retirement." On October 31st, 1938, the pension commission forwarded to the prosecutrix a check for $16.25 for one month's pension, instead of $65, the monthly amount that had previously been paid her and paid her husband following his retirement and until his death. This reduced amount equaled five-twentieths of one-half of the pay of William McCaw at the time of his retirement. Prosecutrix refused to accept this reduced pension and insisted that, under the law, she had

the right to insist upon and to receive the pension provided for by law and theretofore paid to her by the pension commission.

The present writ brings up that resolution of August 22d, 1938, for review as affecting the prosecutrix, who claims that it is in violation of the statute in force at the time of her husband's death, April 6th, 1938.

The resolution of August 22d, 1938, is based on an earlier one adopted January 15th, 1934, and agreed to in writing by the members of the force including McCaw. Paragraph 6 of the 1934 resolution reads as follows:

"6. In the event of the death of any member of said police force from natural causes, the amount of pension to be paid to the widow, or other beneficiaries of said policeman, shall be equivalent to as many twentieths of one-half of his annual salary at the time of his death as the years he has paid into the pension fund," and as McCaw had paid for only five years into the fund, the formula in paragraph 6 called for five-twentieths of one-half of his salary.

The sole point made by the respondent commissioner is that the original act of 1920 was not effective unless adopted by a referendum; that the amendment of 1935 (*Pamph. L.*, p. 405) did not alter that situation, and that the "rules" adopted in 1934 and accepted by the deceased McCaw are binding on his widow who did not sign any acceptance.

Whether McCaw himself was legally bound by his acceptance we need not stop to consider. The case before us is that of his widow, who under the statute is entitled in her own right independently of any agreement made in his lifetime touching his own pension, and the statute as re-enacted in *R. S.* 1937 is controlling.

In *Hulme* v. *Board of Commissioners of Trenton*, 95 *N. J. L.* 30; *affirmed*, 95 *Id.* 545, it was settled that the Pension act of 1920 was general legislation.

In *Quigley* v. *Lehigh Valley Railroad Company of New Jersey*, 80 *N. J. L.* 486, this court said: "When a law which deals with a certain class of objects is general, it will not be rendered special by an enlargement of the class; or, to

put it more accurately, by enlarging its scope so as to embrace another class, or other classes. For instance, a law which regulates the internal affairs of all cities of the state, and is therefore general (*Hermann* v. *Guttenberg,* 63 *Id.* 616; 44 *Atl. Rep.* 758), would not be rendered special by enlarging its scope so as to take in all of the towns, or all of the towns and all of the boroughs of the state as well."

In *Sheehan* v. *Lee,* 96 *N. J. L.* 341; *affirmed,* 98 *Id.* 901, this court said: "Moreover, the act of 1920 is a general act, and by express terms repeals all acts and parts of acts inconsistent therewith. It evinces a legislative intent, and adopts a policy, to make provision for the care and maintenance of all the members of such departments in case of death or disability, and the widows, children and sole dependent parents of deceased members, and should be construed to effectuate that intent. *Hulme* v. *Board of Commissioners,* 95 *N. J. L.* 30; *affirmed, Id.* 545. The construction that the act includes all and excludes none of the members of the police and fire departments finds strong support in the provision contained in section 4, requiring the municipality to raise by taxation and pay into the fund yearly 'an amount equal to four per centum of the total salaries paid to the members' of such departments."

In *Whalen* v. *Pension Commission of Police and Firemen's Department of Atlantic City,* 7 *N. J. Mis. R.* 964, it was said: "If the percentage from salary contemplates a like percentage from the pension, the statute provides the method of its collection, which is a deduction by the disbursing officer of the percentage from the salary or pension as the case may be. The duty rests upon the municipal officer and not upon the policeman as such or as a pensioner, and it has been held in a number of cases that failure of such municipal officer to make such payments could not affect the right to pension."

In *Bederski* v. *Policemen's and Firemen's Pension Board of Newark,* 4 *N. J. Mis. R.* 637; *affirmed,* 104 *N. J. L.* 163, a pension was directed to be paid to the widow of a policeman killed while engaged in an unlawful enterprise. Mr. Justice Katzenbach, for the Supreme Court, said of the 1920 Pension

act: "The statute under which Mrs. Bederski applies for a pension evinces a legislative intent to provide for the care and maintenance of members of the police and fire departments in case of disability, and for their widows, children and sole dependent parents in the event of death. To insure such benefits there is paid into the fund a certain percentage of their salaries. It is, in effect, protection by insurance. The act should be construed liberally to effectuate the legislative intent. It would, we think, be wrong to exclude a widow, innocent of any wrongdoing, from a pension which the act by its express provisions awards her where her husband dies from causes other than injuries received in the performance of his duty."

Clearly, the act as amended and adopted in the Revised Statutes applied in the borough of Audubon, and all other municipalities in which the Police Pension act was in effect.

Mrs. McCaw's right to a pension was by virtue of the statute and no rule of the local commission, though accepted by her husband, could defeat her right.

The action of the pension commission in failing to pay the pension required by law will be set aside. The proceeding will be remanded to the commission to take action required by law, with costs to the prosecutrix.