THEODORE BELLIS, PLAINTIFF IN ERROR, v. THE VIL-
LAGE OF FLEMINGTON, DEFENDANT IN ERROR.

Submitted March 24, 1903—Decided June 15, 1903.

Section 71 of "An act concerning roads" (*Gen. Stat., p.* 2820), pro-
viding for an action by a person owning a house or other build-
ing standing and erected upon any street or highway, the grade
whereof shall have been altered by virtue of the ordinance, reso-
lution or other proceeding of any "city, borough or town corpo-
rate" in this state, to recover from said "city, borough or town
corporate" all the damages which said owner shall suffer by reason
of the altering of any such grade, will not authorize such an action
against a village.

On error to the Circuit Court of the county of Hunterdon.

For the plaintiff in error, *Willard C. Parker* and *H. Burdett Herr.*

For the defendant in error, *George H. Large* and *Chester Van Syckel.*

The opinion of the court was delivered by

GARRETSON, J.    It is set forth in the bill of exceptions—

*First.* That plaintiff was, and for years had been, the owner and occupant of a dwelling located on a lot of land fronting on Mine street, in the village of Flemington, Hunterdon county, New Jersey.

*Second.* That said village of Flemington was incorporated as a village in the month of July, 1894, under the provisions of an act of the legislature of New Jersey entitled "An act for the formation and government of villages," approved February 23d, 1891 (*Pamph. L., p.* 33), and amendment thereto, approved April 8th, 1892. *Pamph. L., p.* 116.

*Third.* That said village, by its governing body and board of village trustees, on September 21st, 1896, passed an ordinance which fixed and established the side lines and grades of said Mine street in front of the lot and dwelling of the plaintiff.

*Fourth.* That the surface of Mine street was, by said ordinance, required to be elevated above the previous level of said street in front of the lot and dwelling of plaintiff.

*Fifth.* That, within a year prior to the bringing of this action, the said board of village trustees, under and in accordance with said ordinance, caused the surface of Mine street to be raised in front of plaintiff's lot and dwelling, thereby causing damages to the said plaintiff.

*Sixth.* That said action was brought to recover the damage sustained by plaintiff by aforesaid change of grade.

*Seventh.* That thereupon the court, being of opinion that sufficient evidence had been introduced to sustain plaintiff's right of action, if the defendant corporation was within the provisions of sections 70, 71, 72, 73 and 74 of the General Road law of this state, approved March 27th, 1874, at the

suggestion of the court, the plaintiff rested his case for the purpose of permitting the defendant to interpose a motion to nonsuit; whereupon the defendant, by its attorneys, moved for judgment of nonsuit to be entered against the plaintiff, on the ground that the provisions of the General Road law of 1874, sections 70, 71, 72, 73 and 74, do not apply to villages such as defendant corporation, which motion was granted, and the judgment of nonsuit thus entered is brought up by this writ of error.

This action is brought under legislative provision which first appeared in our laws as an act entitled "An act to define the rights of parties whose property is damaged or taken for public use in case of the alteration of the grades of streets or highways," approved March 17th, 1858. *Pamph. L., p.* 415. This act is in seven sections, and the first six sections (the last only declaring when the law shall take effect) appear as sections 70, 71, 72, 73, 74 and 75 of "An act concerning roads" (Revision), approved March 27th, 1874. *Gen. Stat., pp.* 2820, 2821. .

It is provided by section 71 of the Road act, *supra,* "that an action upon the case doth and shall lie in behalf of any person owning any house or other building standing and erected upon any street or highway, the grade whereof shall be or shall have been altered by virtue of the ordinance, resolution or other proceeding of the legislative authority of any city, borough or town corporate in this state, to recover from said city, borough or town corporate all the damages which such owner shall suffer by reason of the altering of any such grade." This section provides for the recovery from a "city, borough or town corporate" of damages caused by alteration of the grade of a street or highway by legislative authority of "any city, borough or town corporate"—villages are not mentioned. While it may be that, in 1858, when the original act was passed, there were no villages having any body with legislative authority, and they existed only as aggregations of inhabitants and houses, and for that reason were not included in that act, yet, when the Road act was considered by the legislature, in 1874, villages then existed as municipal organiza-

tions with legislative bodies.   The legislature, however, did
not then see fit to include them by name among the munici-
palities which might become liable to damages for taking
the municipal action indicated.   The motives which controlled
the legislature in so enacting are not a matter for the con-
sideration of the courts, but must remain within the legisla-
tive discretion entirely.   It was here legislating for certain
municipalities, as subsequently classified by ·the constitution
in article 1, paragraph 19, and the reason for including some
and excluding others was clearly within its powers.  *Boorum*
v. *Connolly,* 37 *Vroom* 197.

In *Hermann* v. *Guttenberg,* 34 *Vroom* 616, 625 : "The ques-
tion, therefore, is settled that it is for the legislature, not the
court, to characterize the municipalities of the state, and the
courts cannot inquire whether the municipality or class of
municipalities is titular only.   The classification of the legis-
lature in that regard is conclusive."

As the learned judge in his reason for nonsuit says, the
cases of Hermann *v.* Guttenberg and Boorum *v.* Connolly
adopt an intelligent and intelligible rule for the guidance
both of the members of the legislature and of persons con-
cerned in the construction and interpretation of the laws;
and it seems to be the only safe rule, because if it is to be a
question of inquiry in any and every given instance as to
whether the legislature mean more than what they state they
meant, that a certain statute should be applicable to other
municipal corporations than those designated, we will be in
endless doubt and confusion.

When the legislature has subjected certain classes of mu-
nicipalities to certain regulations, it thereby excludes all not
named from such regulations, and it is not within the power
of the courts to say that by using the names of certain classes
it intended to include those of other classes named possessing
similar powers.   In the case in hand the classes named were
cities, boroughs and towns corporate; neither villages nor
townships were mentioned, and while some villages, such as
those organized under the Village act, and some townships,
may have legislative authority, they can only be brought

under this legislation by saying that the legislature intended by using the general designation of certain municipalities as classified by the constitution, at the same time to affect others also named as classes without specifying them and without the use of any general words which might include them.

We do not consider that this is within the power of the courts to declare.

Judgment of nonsuit will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, FORT, GARRETSON, HENDRICKSON, SWAYZE, BOGERT, VREDENBURGH, VOORHEES, VROOM. 13.

*For reversal*—None.