MICHAEL M. WYGANT, PROSECUTOR, v. HACKENSACK IMPROVEMENT COMMISSION, RESPONDENT.

Submitted June 29, 1915—Decided August 10, 1916.

1. The act of 1914 (*Pamph. L., p.* 422), empowering any municipality, governed by a board of commissioners or improvement commission, to establish a full-paid or part-paid fire department, is unconstitutional, in that by its limitation a department of public service, common to all municipalities, and in nowise peculiar to any specific municipality, is delimited in use to a particular class of municipality, and the act is a special and local law in that respect.
2. The ordinance under review, creating a part-paid fire department in Hackensack, while not valid under the act of 1914 (*Pamph. L., p.* 422), may be sustained because authorized under the provisions of an act approved March 9th, 1882 (*Pamph. L., p.* 80; *Comp. Stat., p.* 5501).

---

On writ of *certiorari* removing ordinance and resolution.

Before Justices PARKER, MINTURN and KALISCH.

For the prosecutor, *James S. De Turck.*

For the respondent, *Arthur Van Buskirk* and *Wendell J. Wright.*

The opinion of the court was delivered by

MINTURN, J.   The writ is intended to review two ordinances passed by the Hackensack Improvement Commission, and certain resolutions passed thereunder, resulting in the appointment of William Ziegler, as chief of the fire department, as against the prosecutor, who was an unsuccessful candidate for the position.

The insistence of the prosecutor is that while he failed to obtain the appointment, another competitor, one Livock, was entitled to receive the same, and upon that theory the prosecutor sued out this writ as a taxpayer.   The defendant was incorporated by special act of the legislature in 1868 (*Pamph. L., p.* 564), and to it were conceded *inter alia* certain corporate powers theretofore vested in the inhabitants of the village of Hackensack.   In 1914, an act was passed which empowered any municipality governed by a board of commissioners or improvement commission, to establish a full-paid or part-paid fire department.   *Pamph. L., p.* 432.

Pursuant to the powers contained in this act, the defendant passed an ordinance creating a part-paid fire department, and thereafter attempted to appoint a chief of the fire department.   Eight candidates, including the prosecutor, presented themselves for a physical and mental examination. According to the rating adopted by the examining board, Ziegler stood highest, and received the appointment, which was subsequently confirmed by the commissioners, after which these proceedings were instituted attacking the legality of the appointment.

It is contended that the act of 1914 under which the defendant acted is unconstitutional as violative of article 4, section 7, paragraph 2 of the constitution, which provides that the legislature shall not pass private, local or special

456 NEW JERSEY SUPREME COURT.

Wygant v. Hackensack Impt. Com.        89 *N. J. L.*

laws "regulating the internal affairs of towns and counties, and appointing local officers or commissions to regulate, municipal affairs."

The Court of Errors and Appeals in *Hermann* v. *Guttenberg,* 63 *N. J. L.* 616, recognized commissions such as this defendant as "a class by themselves."

The act of 1868 constituting the commission, provides that it shall be entitled "The Hackensack Improvement Commission." This differentiation and recognition of defendant as a distinct class for legislation and judicial decision, makes it manifest the defendant stands. with such other municipalities as are indicated by its peculiar nomenclature as "a class by themselves," for which under the construction accorded to the constitutional provision under review, by this court and the Court of Errors and Appeals, in numerous adjudications, legislation of the character in question is entirely appropriate. *Hermann* v. *Guttenberg, ubi supra.*

No objection could exist to this act if it be conceded that the defendant forms a class by itself, and that the legislation under review cannot possibly operate upon more than a single object. *Budd* v. *Hancock,* 66 *N. J. L.* 133.

The difficulty, however, of supporting the act as constitutional legislation inheres in the fact, that by its limitation, a department of public service common to all municipalities, and in nowise peculiar to any municipality is delimited in use to the class of which this defendant forms the most conspicuous type and example. Under such a situation, legislation of this character has uniformly been condemned by the adjudications of this court and those of the Court of Errors and Appeals.

*Dobbins* v. *Long Branch,* 59 *N. J. L.* 146, presents a situation *mutatis mutandis* practically similar. There the act *sub judice* was "An act authorizing municipalities governed by commissioners to pave and improve streets and avenues, and provide payment therefor." *Gen. Stat., p.* 2156.

This court condemning the act as violative of the constitutional provision here invoked said: "The act is one which

attempts to grant certain corporate powers and to regulate the internal affairs of the municipalities, and there is no substantial or natural reason that can be proved why its powers and privileges should be conferred alone upon municipalities governed by commissioners in exclusion of all other municipalities of like character governed otherwise." Similar adjudications are: *Helfer* v. *Simon,* 53 *N. J. L.* 550; *Canfield* v. *Davies,* 61 *Id.* 26; *Ross* v. *Winsor,* 48 *Id.* 95; *Wanser* v. *Hoos,* 60 *Id.* 482; *Delaware River Transportation Co.* v. *Trenton,* 86 *Id.* 48; *affirmed, Id.* 679.

While we find it necessary to condemn the act under review as special and local, the ordinance in question is not thereby rendered inoperative and ineffectual since under the provisions of the act entitled "An act to enlarge the powers of the boards of commissions of certain of the towns of this state," approved March 9th, 1882 (*Pamph. L., p.* 80; *Comp. Stat., p.* 5501), we find ample provision made to warrant the passage of the ordinance under review. That act confers upon the defendant the necessary power to "purchase engines, hose and other apparatus" and "to contract and organize fire departments for their respective towns and may make all needful rules and regulations touching the matters aforesaid."

The defendant, as the legal successor of the township committee of the township of New Barbadoes, in the county of Bergen, pursuant to the provisions of the act of 1896 (*Comp. Stat., p.* 5620, *pl.* 102), may properly avail itself of the provisions of that act for the purpose in question.

The liberality of interpretation accorded to the word "town" in this connection, in *Hermann* v. *Guttenberg, ubi supra,* by the Court of Errors and Appeals, serves to warrant the inclusion of the defendant as one of the class of municipalities comprehended within the legislative designation of towns governed by boards of commissions.

The final contention of the prosecutor is that the appointment was not made in accordance with the provisions of the ordinance.

This result is essentially equivalent to declaring that Ziegler is the possessor of an office which he is not entitled by law to hold, and upon well-settled principles, such a question is not one for disposition by *certiorari,* but can be legally dealt with only by *quo warranto.* As a result, the writ must be dismissed, with costs.