THOMAS L. PECK, PROSECUTOR, v. THE TOWNSHIP OF NEW BARBADOES, SOMETIMES KNOWN AS THE CITY OF HACKENSACK, AND THE HACKENSACK IMPROVEMENT COMMISSION, SOMETIMES KNOWN AS THE CITY OF HACKENSACK, RESPONDENTS; ROBERT ALTSCHULER, WILDER M. RICH, FRANCIS C. KOEHLER, RICHARD LAMB, DEFENDANTS.

Submitted January 27, 1934—Decided May 21, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the prosecutor, *George F. Losche.*

For the respondents, *Donald M. Waesche.*

PER CURIAM.

This writ of *certiorari* was directed to the township of New Barbadoes and the Hackensack improvement commission and purports to bring up for review "certain proceedings taken by the so-called city council of the so-called city of Hackensack on the first day of August, 1933, whereby the board of assessors of the township of New Barbadoes of which prosecutor is a member was abolished * * *;" and a resolution passed appointing one Francis C. Koehler as assessor.

The return to the writ is made by "Ethel M. Hoyt, city clerk of the city of Hackensack."

The prosecutor seeks to re-establish the board of assessors of the township of New Barbadoes and to reinstate himself as a member of that board and to vacate the appointment of Koehler as assessor of the city of Hackensack.

We think that his purpose cannot prevail.

It appears that the city council of the city of Hackensack is the legal successor to the Hackensack improvement commission which commission was incorporated by special act of the legislature in 1868. *Pamph. L.* 1868, *p.* 564. The boundary lines of the Hackensack improvement commission were from time to time extended by statute until they were finally made co-extensive with the boundaries of the township of New Barbadoes *except for a portion of the township lying in the borough of Little Ferry. Pamph. L.* 1896, *ch.* 138, *p.* 196. In November, 1921, the township of New Barbadoes changed its name to city of Hackensack; on May 23d, 1933, the city adopted the municipal manager form of government; the present city council was elected June 20th, 1933, organized on July 18th, 1933, and on August 1st, 1933, appointed Koehler assessor.

But nevertheless the prosecutor's contention is that chapter 86 of *Pamph. L.* 1924, as amended by chapter 229 of *Pamph. L.* 1925, placed a mandatory requirement upon the city to have a *board* of assessors, and that hence the action of the city council was void.

We think not.

This act, upon which the prosecutor relies, applies only to

*townships governed by an improvement commission,* the boundaries of which improvement commission are coextensive with the boundaries of such township.

As pointed out, on November 8th, 1921, the legal voters of the township of New Barbadoes under authority of article 2 of chapter 152 of the laws of 1917 voted to change the name of that municipality to "The City of Hackensack." The second paragraph of said article 2 provides that that "in case a majority of the votes cast upon this subject at such election shall favor the change of name, such name shall thereupon be so changed and the name adopted shall be and become the *official title of the municipality*." Therefore the corporate title of Hackensack is now "The City of Hackensack."

It was held in *Herman* v. *Guttenberg*, 63 *N. J. L.* 616; 44 *Atl. Rep.* 758 (at *p.* 621), that the legislature had the right to classify municipalities "by their style of incorporation;" that "the difference between them is largely one of nomenclature," and that "the question, therefore, is settled that it is for the legislature, not the courts, to characterize the municipalities of the state; and the courts cannot inquire whether a municipality or class of municipalities is titular only. The classification of the legislature in that regard is conclusive."

Again in *Wygant* v. *Hackensack Improvement Commission*, 89 *N. J. L.* 454; 98 *Atl. Rep.* 477, the Supreme Court said:

"The Court of Errors and Appeals in *Herman* v. *Guttenberg, supra,* recognized commissions such as this defendant as 'a class by themselves.' The act of 1868 constituting the commission, provides that it shall be entitled 'The Hackensack Improvement Commission.' This differentiation and recognition of defendant as a distinct class for legislation and judicial decision, makes it manifest the defendant stands with such other municipalities as are indicated by its peculiar nomenclature as 'a class by themselves.' "

That makes Hackensack a "city" for the purpose of legislation. It is not only a "city" in name. It is a "city" in

fact; it has every characteristic of a "city" and has been generally recognized as a city for years, and has been a city in name since November, 1921. There has been no township committee of the township of New Barbadoes for many years. The Supreme Court in *Wygant* v. *Hackensack Improvement Commission* (1916), 89 *N. J. L.* 454 (at *p.* 457); 98 *Atl. Rep.* 477, held that the Hackensack improvement commission was the legal successor of the township committee of the township of New Barbadoes.

Moreover, as we have pointed out, the city of Hackensack is governed by a city council and a city manager under chapter 113 of the laws of 1923 as amended and supplemented.

Now the act of 1924 and its amendment upon which the prosecutor relies, applies only to townships "*governed by an improvement commission* the boundaries of which improvement commission are coextensive with the boundaries of such township.*" This act provides that in all municipalities falling within this classification, assessments for the purpose of collecting and raising taxes are to be made by a board of three assessors who are "appointed by the mayor with the consent of the *improvement commission.*" The act provides further that the said assessors "shall not be removed from such office, except upon a majority vote of the *improvement commission* after a hearing upon written charges."

The prosecutor contends that since he was not removed from office by a majority vote of the "*improvement commission*" after a hearing upon written charges he is still an assessor and entitled to compensation as such. If this contention is correct, which it is not, then he never can be removed from the office of assessor by the governing body of Hackensack because the Hackensack improvement commission is now abolished and non-existent.

On May 23d, 1933, at a special election, the legal voters of the city of Hackensack voted to adopt the municipal manager form of government provided for in the act of the legislature entitled "An act relating to, regulating and providing for the government of municipalities, except counties, by a municipal council and a municipal manager." *Pamph. L.*

1923, *ch.* 113. The petition requesting the special election which is entitled "Petition for the adoption of the municipal manager plan of government for the city of Hackensack," is addressed to the "clerk of the city of Hackensack," and is the petition of the "legal voters of the city of Hackensack." The Municipal Manager act provides that "any municipality which shall have adopted this act shall be governed by a municipal council and municipal manager * * *." The present city council was elected under the Municipal Manager act on June 20th, 1933, and took office and organized on July 18th, 1933. Upon their induction into office the Hackensack improvement commission was *ipso facto* abolished. The Municipal Manager act provides that:

"When this act shall have been adopted by any municipality and a municipal council shall have been elected and organized, as provided herein, no act, or any provision thereof, whether general or special, which affects the government of such municipality and which is contrary to or inconsistent with the provisions of this act, shall thereafter apply to such municipality." * * *

Upon the adopton of this act and upon the organization of the municipal council elected under this act, the governing body or bodies and all other executive and legislative bodies shall be *ipso facto* abolished; and the term of all councilmen or aldermen, or commissioners or trustees and all other elective officers shall immediately cease and determine; * * *."

It is, therefore, obvious that chapter 86 of the laws of 1924 as amended by chapter 229 of the laws of 1925 does not apply to the city of Hackensack.

We therefore conclude that the writ must be dismissed.

We have not found it necessary or desirable to consider the question whether or not the writ of *certiorari,* in any event, is the proper remedy to accomplish the result which the prosecutor seeks, nor have we seen fit to examine numerous other objections argued by the respondents against this proceeding.

The writ will be dismised, with costs.