THOMAS L. PECK, PROSECUTOR-APPELLANT, v. THE TOWNSHIP OF NEW BARBADOES, SOMETIMES KNOWN AS THE CITY OF HACKENSACK, AND THE HACKENSACK IMPROVEMENT COMMISSION, SOMETIMES KNOWN AS THE CITY OF HACKENSACK, RESPONDENTS; ROBERT ALTSCHULER, WILDER M. RICH, FRANCIS C. KOEHLER, RICHARD LAMB, DEFENDANTS.

Submitted October 26, 1934—Decided January 10, 1935.

For the prosecutor-appellant, *George F. Losche.*

For the respondents and defendants, *Donald M. Waesche.*

The opinion of the court was delivered by

BODINE, J.   This appeal is from a determination by the Supreme Court that chapter 86 of *Pamph. L.* 1924, *p.* 166, as amended by chapter 229, *Pamph. L.* 1925, *p.* 554, applying to townships "governed by an improvement commission, the boundaries of which improvement commission are co-extensive with the boundaries of such municipality" was inapplicable to the city of Hackensack since that city had adopted on May 23d, 1933, at a special election, the municipal manager form of government as provided for in the act of the legislature entitled "An act relating to, regulating and providing for the government of municipalities, except counties, by a municipal council and a municipal manager." *Pamph. L.* 1923, *ch.* 113, *p.* 217.

The Supreme Court opinion is printed in 12 *N. J. Mis. R.* 508; 172 *Atl. Rep.* 743. We are in accord with the view therein expressed and its reasoning, but if we were not we would still feel that the legislation relied upon by the prosecutor obviously offended paragraph 11 of section 7 of article 4 of the constitution of our state. The statute, as indicated, is to apply only to a township governed by an improvement commission, the boundaries of which are co-extensive with the township. The statute could only apply to the city of Hackensack. Such legislation is as obnoxious to the constitution of the state as though the limitations were to a township governed by a special charter (*Goldberg* v. *Dorland,* 56 *N. J. L.* 364), or a city having a board of aldermen. See cases collected in *Eckert* v. *Paterson,* 7 *N. J. Mis. R.* 850; 147 *Atl. Rep.* 380. The statute is clearly violative of the provision of the constitution that the legislature shall not pass local or special laws regulating the internal affairs of towns and counties. *Parker* v. *Newark,* 57 *N. J. L.* 83; *Grey, Attorney-General,* v. *Town of Union,* 67 *Id.* 363; *Keffer* v. *Gaskill,* 88 *Id.* 77; *Kudlich* v. *Griffin, Ibid.* 573.

The judgment is, therefore, affirmed.

*For affirmance*—The Chancellor, Parker, Lloyd, Case, Bodine, Donges, Perskie, Van Buskirk, Kays, Hetfield, Dear, Wells, JJ. 12.

*For reversal*—None.