THE TOWNSHIP OF BRIDGEWATER AND MORROW C. MILLER, FERD I. COLLINS, JOHN JOHANSEN, QUINTIN VAN DER VEER AND EDWARD M. JENKINS, INDIVIDUALLY, AND AS MEMBERS OF THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF BRIDGEWATER, PROSECUTORS, v. THE LOCAL GOVERNMENT BOARD OF THE DIVISION OF LOCAL GOVERNMENT OF THE DEPARTMENT OF TAXATION AND FINANCE, AND BOARD OF COMMISSIONERS OF RARITAN, DEFENDANTS.

Submitted May 4, 1948—Decided July 19, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutors, *Frazer, Stoffer & Jacobs (Joseph M. Jacobs,* of counsel).

For the defendant The Local Government Board of the Division of Local Government of the Department of Taxation and Finance, *Walter D. Van Riper,* Attorney-General (by *Max Eisenstein,* Deputy Attorney-General).

For the defendant Board of Commissioners of Raritan, *George W. Allgair.*

The opinion of the court was delivered by

EASTWOOD, J. Prosecutors, Township of Bridgewater and the members of the Township Committee thereof, both as individuals and as members of said Township Committee, seek by *certiorari* to reverse a determination of the State Local Government Board, made by a resolution on March 19th, 1948, affirming the action of the Director of the Division of Local Government disapproving the 1948 municipal budget of the Township of Bridgewater. For many years prior to 1948, it had been the practice for the Town of Raritan annually to prepare its budget and certify the same to the Township of Bridgewater, which latter municipality included Raritan's budget in its own budget. There being no assessor or collector of taxes for the Town of Raritan, it was the practice for the assessor of the Township of Bridgewater to make all assessments for both municipalities; tax collections were made by the tax collector of the Township of Bridgewater and he in turn would remit to the treasurer of the Town of Raritan

the taxes collected for that municipality. Although the Board of Commissioners of the Town of Raritan was created by *Pamph. L.* 1868, *ch.* 333, *p.* 776, Bridgewater Township and Raritan have had certain interdependent relationships, including the fiscal policy mentioned herein. It is curious to note that upon various occasions the governing body of Bridgewater Township had in its membership persons residing in Raritan and elected from the municipality. Indeed, the interdependence is clearly demonstrated by the fact that the last assessment of Bridgewater Township was made by a resident of Raritan. The present litigation had as its source the refusal of Raritan to turn over to the treasurer of the Township of Bridgewater the sum of $13,450.30 received by the town treasurer of Raritan in May, 1946, representing payment of certain arrearages of railroad taxes. The Township of Bridgewater thereupon refused to remit to the Town of Raritan the sum of $9,000, appropriated in the Township's budget for "Town of Raritan—Roads." As a result the harmonious relationship which had on the whole prevailed in prior years between the two municipalities was disrupted. . Since the occurrence of this schism, both municipalities have adopted resolutions that they are separate and distinct municipalities under the law and accordingly have proceeded to adopt separate budgets and thereby discontinue the previous practice already stated.

Thereafter, the Township Committee of the Township of Bridgewater in preparing its 1948 budget, included therein only items pertaining to the Township of Bridgewater, and did not include an appropriation for the Town of Raritan corporation tax as had been the past practice. Likewise, the Town of Raritan in pursuance of its resolution did not certify its requirements to the Township of Bridgewater. The Township's budget was submitted to the Director of the Division of Local Government and returned by him without his approval. The Director took the position, in disapproving the budget, that he was unable to determine with certainty that the position now taken by the Township of Bridgewater with respect to Raritan is proper; that he hesitated to recognize as a matter of fact and law that the municipalities were separate and

distinct, and in short, that he would not terminate the relationship concerning assessment and collection of taxes previously in existence for many years unless and until the matter was adjudicated by a court of competent jurisdiction and a decision obtained which would definitely dispose of the problem. The director's action was sustained by the Local Government Board, as stated.

As we view it, the issue is simply whether or not the Township of Bridgewater and the Town of Raritan are separate municipal entities in contemplation of law. If the question is answered in the affirmative, then there can be no doubt that each municipality has full and untrammeled authority to adopt a separate budget for its own needs. If not, then the position taken by the Director of Local Government must be sustained.

Our review of the statutory provisions governing the governmental affairs of Raritan, commencing with the enactment of *Pamph. L.* 1868, *ch.* 333, *p.* 776, leads us inescapably to the conclusion that the Town of Raritan is a separate and distinct municipality in contemplation of law. We do not deem it essential to our holding to review at length the statutory authorities which support this conclusion. Suffice it to say, this phase was fully and comprehensively reviewed by Mr. Justice Perskie speaking for the Supreme Court in *Crisci v. Board of Commissioners of Raritan,* 119 *N. J. L.* 103; 194 *Atl. Rep.* 445.

We quote from that opinion:

"* * * Our legislature has continually and consistently classified Raritan as a town. See *Pamph. L.* 1868, *supra; Pamph. L.* 1870, *supra; Pamph. L.* 1875, *supra,* and *Pamph. L.* 1927, *supra.* That classification is conclusive and binding upon us. *Hermann* v. *Guttenberg,* 63 *N. J. L.* 616; 44 *Atl. Rep.* 758 (*Court of Errors and Appeals*); *Bellis* v. *Flemington,* 69 *N. J. L.* 349, 352; 55 *Atl. Rep.* 300 (*Court of Errors and Appeals*), *Peck* v. *New Barbadoes,* 12 *N. J. Mis. R.* 508; 172 *Atl. Rep.* 743; *affirmed,* 114 *N. J. L.* 118; 176 *Atl. Rep.* 317. Having determined that Raritan is a town, we next consider whether, as such, it comes within the provisions of the Home Rule Act. '*Pamph. L.* 1917, *ch.* 152, *pp.* 319 *et seq.*

We think that it does. For that act provides in article 1, page 319, that: '1. The term "municipality" * * * where used in this act, shall be construed to mean * * * "town" * * * and any municipality governed by a board of commissioners, or improvement commission.' "

We see no merit in the contention of the Local Government Board that practices of long standing by officials, as were indulged in here, impute legal sanctity to such procedure. Obviously, there is no statutory authority for the Township of Bridgewater to assess and collect taxes for the Town of Raritan, nor for the Township of Bridgewater to adopt a budget which includes the budget of the Town of Raritan. Such acts were exclusively within the governmental powers of the Town of Raritan, and the practice adopted during the previous years, although a convenient one, was based solely upon expediency, and cannot be approved and sanctioned as a matter of law.

Our attention has been called to the fact that a bill to incorporate the borough of Raritan in the County of Somerset, known as Senate No. 205, was introduced in the legislature on March 8th, 1948, and became effective on May 12th, 1948, as *Pamph. L.* 1948, *ch.* 72. It is said that the position of the Director and of the Local Government Board is sustained by such legislative action. We think not. The act in itself does not operate as an incorporation of the territory involved as the Borough of Raritan. Such action is entirely dependent upon submission of the question to the qualified voters and acceptance by them by a majority vote at a special election.

We conclude that the determination of the Local Government Board of the Division of Local Government of the Department of Taxation and Finance, disapproving the 1948 budget of the Township of Bridgewater, was erroneous. It follows that the Township of Bridgewater and the Town of Raritan each has statutory authority to adopt its own separate and independent budget.

The determination of the Local Government Board of the Division of Local Government of the Department of Taxation and Finance is accordingly reversed.