55 N.J. Super. 250 (1959)
150 A.2d 507
THE VILLAGE OF LOCH ARBOUR, A MUNICIPAL CORPORATION OF NEW JERSEY, DANIEL E. MANN AND MILDRED M. LOUCKS, PLAINTIFFS,
v.
THE TOWNSHIP OF OCEAN, A MUNICIPAL CORPORATION OF NEW JERSEY, BENJAMIN R. HARVEY, THE BUILDING INSPECTOR OF SAID TOWNSHIP, AND DEAL GARDENS, INC., A CORPORATION OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided April 15, 1959.
*252 Mr. Aaron A. Melniker, attorney for plaintiffs.
Messrs. Stout & O'Hagan, attorneys for defendants, The Township of Ocean, a municipal corporation of New Jersey (Mr. Sidney Hertz, appearing).
Messrs. Durand, Ivins & Carton, attorneys for defendant Deal Gardens, Inc., a corporation of New Jersey (Mr. Robert Carton, appearing).
*253 KNIGHT, J.S.C.
This is an action in lieu of prerogative writs whereby the plaintiffs seek to have vacated and declared null and void certain acts of the Township of Ocean and also seek a review of a variance from or an exception to the zoning ordinance of the Township of Ocean recommended by the board of adjustment and approved by the township committee.
The matter comes before the court at this juncture on a motion for summary judgment by the plaintiffs on one phase of the case, namely, the validity of a building permit issued by the building inspector of the Township of Ocean pursuant to the variance or exception.
The essential facts which have been stipulated for the purpose of this motion are as follows:
The Village of Loch Arbour became incorporated as a village of the State of New Jersey on January 20, 1958, in accordance with the provisions of N.J.S.A. 40:157-1 et seq.
On February 18, 1958 five trustees were duly elected for the Village of Loch Arbour pursuant to N.J.S.A. 40:157-14 and organized themselves as the Board of Trustees of the Village of Loch Arbour.
Prior to incorporation the territory of the Village of Loch Arbour was part of and included within the boundaries of the defendant Township of Ocean, and subject to its laws and ordinances, including the zoning ordinance of the Township of Ocean adopted November 7, 1949. By the terms of this ordinance, the entire area of the proposed Village of Loch Arbour was classified as a Residence Zone "D" except a 100-foot strip on each side of Main Street.
On August 1, 1958 defendant Deal Gardens, Inc., applied to the Board of Adjustment of the Township of Ocean for a building permit to construct a hotel-motel on premises located within the boundaries of the incorporated Village of Loch Arbour which was zoned Residence "D" under the zoning ordinance of the Township of Ocean. A resolution was adopted on August 28, 1958 recommending to the township *254 committee that the permit be granted. The Township Committee of the Township of Ocean approved the recommendation and adopted a resolution on September 2, 1958 directing that the requested permit be issued. Said permit was issued by the building inspector of the Township of Ocean on October 10, 1958.
The Board of Trustees of the Village of Loch Arbour had objected to the issuance of this building permit and had passed a resolution on August 30, 1958 protesting the same, which was served on the Township Committee of the Township of Ocean prior to their meeting on September 2, 1958.
On October 10, 1958, the Board of Trustees of the Village of Loch Arbour adopted an ordinance to adopt by reference the zoning ordinance then in force in the Township of Ocean, and appointed Harry S. Kirk as building inspector of the Village of Loch Arbour. The board of trustees had previously, on August 30, 1958, established and appointed by resolution a board of adjustment in the village.
On November 3, 1958 the Township of Ocean amended their zoning ordinance to specifically include a motel as an exception in Residence Zone "D."
The plaintiffs contend that the Township Committee and the Board of Adjustment of the Township of Ocean had no authority to grant a variance from or an exception to the zoning ordinance of the Township of Ocean for lands located within the incorporated territory of the Village of Loch Arbour and seek to have this court vacate and declare null and void (1) the resolution of the Board of Adjustment of the Township of Ocean adopted on August 28, 1958 which recommended to the Township Committee of the Township of Ocean that a permit be issued to Deal Gardens Inc., for the erection of a motel within the incorporated territory of the Village of Loch Arbour; (2) the resolution of the Township Committee of the Township of Ocean, adopted September 2, 1958, approving this recommendation and directing the issuance of the permit; and (3) the building *255 permit itself which was issued by the building inspector of the Township of Ocean, Benjamin R. Harvey, dated October 10, 1958.
The defendants contend that in spite of the Village of Loch Arbour becoming incorporated by compliance with N.J.S.A. 40:157-1 et seq., it does not have complete autonomy since it has not complied with N.J.S.A. 40:160-1, which provides the method enabling a village to separate itself from a township and obtain complete autonomy of local government. Hence, the incorporated Village of Loch Arbour remains subject to the zoning ordinance of the township of Ocean and has no power to adopt and enforce its own zoning ordinance. In addition, the defendants argue that since the "chief legislative body" of the Village of Loch Arbour is the Township Committee of the Township of Ocean within the terms and intent of N.J.S.A. 40:55-1, the Board of Trustees of the Village of Loch Arbour has no statutory power to adopt a zoning ordinance.
The court does not agree that N.J.S.A. 40:157-1 et seq., providing a method by which the inhabitants of any township may become incorporated as a village, and N.J.S.A. 40:160-1 et seq., providing the method by which the governing body of any village may separate itself from a township and be given complete autonomy of local government, are statutes providing a two-step procedure for (1) the incorporation of a village and (2) its separation from the township and obtaining complete autonomy of local government. The former statute originally passed in 1891, L. 1891, c. 22, provides for the incorporation of a village, while the latter, originally passed in 1904, L. 1904, c. 2, presupposes the existence of a village with a governing body and does not provide for incorporation or mention an incorporated village. It follows that the 1904 act was intended to provide a method by which an unincorporated village, which is recognized in our cases, Hermann v. Town of Guttenberg, 63 N.J.L. 616 (E. & A. 1899); In re Village of Loch Arbour, 25 N.J. 258, 266 (1957), could separate itself from *256 a township and obtain complete autonomy of local government. Today, in light of the Home Rule Act, N.J.S.A. 40:42-1 et seq., discussed infra, the distinctions between these two statutes pertaining to the extent of municipal powers given to villages and their degree of local autonomy are academic. See N.J.S.A. 40:43-1. Compliance with either one is sufficient to bestow upon the municipality all powers delegated under the Home Rule Act, supra, as well as complete autonomy of local self-government.
Loch Arbour became incorporated as a village by compliance with the provisions of N.J.S.A. 40:157-1 et seq. See In re Village of Loch Arbour, 25 N.J. 258 (1957), affirming 43 N.J. Super. 452 (Cty. Ct. 1957). In that statute, the inhabitants of part of a township may become incorporated as a village, which shall be a "body corporate in fact and in law," N.J.S.A. 40:157-10.
Thus, Loch Arbour became a municipal corporation, which is defined generally as a body politic and a corporate entity as constituted by the inhabitants of a defined locality for the purposes of local government. As such it is an agency of the State, established by legislative authority to regulate and administer the local or internal affairs of the territory which is incorporated. 1 Dillon, Municipal Corporations (5th ed. 1911), §§ 31, 33; 1 McQuillin, Municipal Corporations (3d ed. 1949), § 2.07; Rhyne, Municipal Law, § 1-2 (1957).
Once Loch Arbour was incorporated as a village it became a separate and distinct municipal entity in contemplation of law. See Crisci v. Board of Commissioners of Raritan, 119 N.J.L. 103 (Sup. Ct. 1937); Bridgewater Tp. v. Local Government Board, 137 N.J.L. 416 (Sup. Ct. 1948) and In re Village of Loch Arbour, supra, 25 N.J. at page 261, where the Supreme Court said:
"The purpose of the proceeding there was to have the electors who were qualified to vote decide whether the proposed Village of Loch Arbour should become incorporated as an individual municipal entity and thus separated from the township." (Emphasis supplied)
*257 The statute, N.J.S.A. 40:157-1 et seq., under which the Village of Loch Arbour was incorporated was, as previously noted, originally enacted in 1891. At that time New Jersey had not yet adopted the Home Rule Act and a village or any municipal corporation had only those powers specifically delegated or given to them either in their charters or by law. This act of 1891 gave only limited powers of local government to the board of trustees of a village incorporated thereunder. Since that time New Jersey has adopted the Home Rule Act, N.J.S.A. 40:42-1 et seq., and a village so incorporated today is endowed with not only the limited powers expressly granted but also with all of the powers granted to municipalities by the Home Rule Act. Furthermore, under the Revision of 1937, the board of trustees of a village is given the power to "make and adopt such ordinances, rules, by-laws and regulations, and in general do and perform all other acts as are provided for by this subtitle [N.J.S.A. 40:157 to 40:166] or by any other general law." N.J.S.A. 40:159-2 (emphasis supplied). Although the latter provision was not contained in the original law of 1891, a village so incorporated has all those powers expressly granted in N.J.S.A. 40:157 to 40:166, and in addition those powers granted to municipalities under the Home Rule Act: N.J.S.A. 40:42-1 et seq. which defines "municipality" or "municipal corporation" to mean and include a "village."
Since the Village of Loch Arbour has all the powers of local self-government delegated to it by N.J.S.A. 40:157-1 et seq., the Home Rule Act (N.J.S.A. 40:42-1 et seq.), and any other general law, and is formed for the purpose of local self-government, the contention that the Township of Ocean still retains some jurisdiction over the people and territory thereof cannot be sustained. Two municipal corporations may not have concurrent jurisdiction over the same territory for the same purposes, President, etc., of City of Paterson v. Society for Establishing Useful Manufactures, 24 N.J.L. 385, 399 (Sup. Ct. 1854); Broking v. Van Valen, 56 N.J.L. 85 (Sup. Ct. 1893); State (Pancoast, *258 prosecutrix) v. Troth, 34 N.J.L. 377 (Sup. Ct. 1871); and cf. Grosso v. City of Paterson, 55 N.J. Super. 164 (Law Div. 1959), and any other conclusion would lead to countless problems of conflict. See also Dillon, op. cit., supra, § 354. This decision is in conformance with the spirit of N.J. Const. 1947, Art. IV, § VII, par. 11, and N.J.S.A. 40:42-4.
The contention of the defendants that the Township Committee of the Township of Ocean is the "chief legislative body" of the Village of Loch Arbour within the meaning of N.J.S.A. 40:55-1 has no merit. That statute has been specifically repealed by L. 1953, c. 37, p. 697, § 178; L. 1953, c. 433, p. 2186, § 28, and has been re-enacted in substantially the same form under N.J.S.A. 40:55-1.2; L. 1953, c. 433, p. 2168, § 2. However, that provision was and is part of the Planning Act and not the Zoning Act and is inapplicable to this case. In any event, it is this court's opinion that upon incorporation of the Village of Loch Arbour the board of trustees became the governing body of that municipal entity and the "chief legislative body" within the intent of the Planning Act.
Although it is unnecessary, the court feels that it should rule on the following issues as a guide to the municipal officials who are caught in the web of our complex statutory scheme.
The Board of Trustees of the Village of Loch Arbour adopted an ordinance adopting by reference the applicable provisions of the zoning ordinance of the Township of Ocean, pursuant to N.J.S.A. 40:43-25.1. It is asserted that this ordinance is invalid for failure to comply with N.J.S.A. 40:55-33, which requires that prior to the adoption of any zoning ordinance, the governing body shall refer the matter to a zoning commission for a report and recommendation. Compliance with N.J.S.A. 40:55-33 was not called for in this instance as a "newly created municipality may enact within two years after its formation an ordinance or ordinances adopting by reference the provisions of any ordinance *259 or ordinances of the municipality of which it was a part." N.J.S.A. 40:43-25.1. By virtue of this statute, any ordinance could be adopted by reference which would obviate the necessity of complying with any other statutory formalities. The validity of the zoning ordinance of the Village of Loch Arbour is hereby sustained.
Furthermore, the court notes that the Board of Adjustment of the Village of Loch Arbour was appointed on August 30, 1958, but it was not until October 10, 1958 that the board of trustees adopted any zoning ordinance. The original appointment had no validity in the absence of a zoning ordinance, as there was no office yet created to which they could even act in a de facto capacity. It is suggested that a board of adjustment be appointed according to law.
Plaintiffs' motion for summary judgment is accordingly granted, and the building permit issued on October 10, 1958 by the building inspector of the Township of Ocean is hereby vacated and declared null and void.